**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE:  SAXBY'S COFFEE WORLDWIDE, LLC** : | **Chapter 11** |
| **Debtor(s)** : | **Bky. No.  09-15898 ELF** |
| **SAXBY'S COFFEE WORLDWIDE, LLC** : | |
| **Plaintiff(s)** : | |
| v. : | **Adv. No.  09-0340** |
| **JOHN LARSON, et al.** : | |
| **Defendants** : | |

# O R D E R

**AND NOW**, upon consideration of the Debtor's Motion for Preliminary Injunction ("the Motion") and the responses thereto, and after a hearing, and for the reasons set forth in the accompanying Memorandum, it is hereby **ORDERED** that:

1. The Motion is **GRANTED IN PART AND DENIED IN PART**.

2. Effective immediately upon the entry of this Order, **the following Defendants,** are **PRELIMINARILY ENJOINED** from commencing or continuing any judicial, administrative, or other legal action or legal proceeding against **Nick Bayer ("Bayer"), Joseph Grasso ("Grasso") and Kevin Meakim ("Meakim")** that was or could have been commenced before **August 5, 2009**, or to take any other action against **Nick Bayer, Joseph Grasso and Kevin Meakim** to recover a claim against any or all of them that arose before **August 5, 2009**:

**John Larson,**

**Greg Bayer,**

**Douglas Fabschutz,**

**Simon Fabschutz,**

**Irene Fabschutz,**

**Andrew Field,**

**Gary Fabschutz,**

**Marshall J. Katz**

**Segal McCambridge Singer & Mahoney, Ltd.**

**Kamros Holdings, LLC**

**The Exchange Ontario Center, Inc.**

**Jennifer Larson**

**Goodwill Investments, LLC**

3. **On or before December 18, 2009, Nick Bayer** shall provide a written, personal financial statement to every Defendant that holds a judgment against him entered in any court in any jurisdiction. **On or before December 18, 2009, Joseph Grasso** shall provide a written, personal financial statement to every Defendant that holds a judgment against him entered in any court in any jurisdiction. **On or before December 18, 2009, Kevin Meakim** shall provide a written, personal financial statement to every Defendant that holds a judgment against him entered in any court in any jurisdiction.

4. The financial statements required by Paragraph 3 shall be signed under penalty of perjury and shall set forth the information that would be included in Schedules A-G of the

bankruptcy schedules that **Bayer, Grasso and/or Meakim** would be obligated to file with the bankruptcy court were they debtors in a case under title 11 of the U.S. Code. See Fed. R. Bankr. P. 1007(b).

5. If **Bayer, Grasso and/or Meakim** fail to comply with the requirements of Paragraphs 3-4, any Defendant aggrieved by that failure may seek expedited relief in this court to terminate Paragraph 2 of this Order.

6. If not terminated by a prior court order, Paragraph 2 shall terminate on **February 15, 20010**, unless extended by further order of this court.

7. A hearing is scheduled on **February 12, 2010, at 9:30 a.m., in Bankruptcy Courtroom No. 1, U.S. Courthouse, 900 Market Street, Philadelphia, PA** to consider whether to extend the term of Paragraph 2.

8. In all other respects, the Motion is **DENIED**.

9. Pursuant to Fed. R. Bankr. P. 7065, the Debtor is relieved from posting any security pursuant to Fed. R. Civ. P. 65(c).

10. The Debtor shall be responsible for providing notice of this Order under Fed. R. Civ. P. 65(d)(2) (incorporated by Fed. R. Bankr. P. 7065).

Date:   **December 4, 2009**

**ERIC L. FRANK**
**U.S. BANKRUPTCY JUDGE**